**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TOREY DOBBIN,** | : |
| **Petitioner** | : |
| | **CIVIL ACTION NO. 3:18-2267** |
| **v.** | : |
| | **(Judge Mannion)** |
| **ATT GENERAL OF PA,** | : |
| **Respondent** | : |

## MEMORANDUM

Petitioner, Torey Dobbin, an inmate confined in the Federal Correctional Institution, Fairton, New Jersey, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Dauphin County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely under the statute of limitations, see 28 U.S.C. §2244(d).

### I.    Background

The following background has been extracted from the October 25, 2017 Opinion of the Pennsylvania Superior Court, affirming the PCRA Court's dismissal of Dobbin's PCRA petition as untimely. (Doc. 7-7 at 1-3).

Torey Dobbin appeals from the December 28, 2016 order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] pled guilty pursuant to a plea agreement before th[e trial c]ourt on April 13, 1998. The guilty plea involved three criminal dockets [ (CP–22–CR–3984–1997, CP–22–CR–3983–1997, and CP–22–CR–41–1998)] and [appellant] was subsequently sentenced to seven and one-half (7 ½) to twenty (20) years of imprisonment. On June 23, 1998, [appellant] was sentenced in Cumberland County on similar charges.[2]
>
> Years later, [appellant] incurred new charges for robbery and was sentenced in federal court in September of 2014. In March of 2015, [appellant] received an enhanced sentence from the federal court due to his prior convictions from armed robbery and burglary in Dauphin County and Cumberland County. The Third Circuit Court of Appeals affirmed [appellant's] federal sentence on December 4, 2015.
>
> [On May 20, 2015, appellant filed a *pro se* PCRA petition and Christopher Wilson, Esquire ("PCRA counsel") was appointed to represent him on June 1, 2015.] On December 2[4], 2015, [PCRA counsel] filed a [supplemental] PCRA petition on [appellant's] behalf alleging that [appellant's] trial counsel, Brian Walk, Esquire [ (hereinafter, "trial counsel") ], was ineffective

---

1. 42 Pa.C.S.A. §§9541–9546.

2. The record reflects that appellant did not file a direct appeal from his judgment of sentence.

for not seeking to have [appellant] sentenced on the
same day in Dauphin County and Cumberland County
to avoid future consequences in federal court.

PCRA court opinion, 12/28/16 at 1.

On May 10, 2016, the PCRA court conducted an evidentiary
hearing on appellant's petition. Following the hearing, the PCRA
court entered an order on December 28, 2016 denying appellant's
petition. In the opinion accompanying its December 28, 2016
order, the PCRA court noted that it "questions the timeliness of
[appellant's petition]" but elected to dispose of appellant's
ineffectiveness claims on the merits. (See id. at 5 n.3). Appellant
filed a timely notice of appeal on January 19, 2017. On January
26, 2017, the trial court ordered appellant to file a concise
statement of errors complained of on appeal, in accordance with
Pa.R.A.P. 1925(b), within 21 days. Appellant filed a timely Rule
1925(b) statement on February 6, 2017. Thereafter, on April 24,
2017, the trial court filed a one-page "memorandum statement in
lieu of opinion" that indicated that it was relying on the reasoning
set forth in its December 28, 2016 opinion.

Appellant raises the following issues for our review:

> 1. Whether the PCRA Court erred by concluding that
> the plea counsel was not ineffective in [his] failure to
> coordinate sentences in two different counties in a
> way to avoid federal career offender status and in
> plea counsel's failure to advise [a]ppellant of the
> consequences of his plea and immediate sentencing?
>
> 2. Whether the PCRA Court erred by not vacating the
> robbery conviction on docket 3984 CR 1997 when no
> transcript exists of the plea, and when the evidence
> shows that the actual guilty plea colloquy did not
> contain any robbery charge[?]

Appellant's brief at 3.

Id. By Memorandum Opinion dated October 25, 2017, the Pennsylvania Superior Court affirmed the PCRA Court, finding the following:

> Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. Commonwealth v. Davis, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted).
>
>> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>>
>> 42 Pa.C.S.A. §9545(b)(1).
>
> Commonwealth v. Marshall, 947 A.2d 714, 719 (Pa. 2008). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth [in Section 9545] are met." Lawson, 90 A.3d at 5 (footnote omitted).

In the instant matter, appellant's judgment of sentence became final on July 23, 1998, 30 days after the trial court imposed sentence in Cumberland County and when the time for filing a direct appeal with this court expired. <u>See</u> 42 Pa.C.S.A. §9545(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review[ ]"). Therefore, in order to comply with the filing requirements of the PCRA, appellant was required to file his petition by July 23, 1999. <u>See</u> 42 Pa.C.S.A. §9545(b)(1) (stating that all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final). Appellant's instant petition was filed May 20, 2015, nearly 16 years past the deadline, and is therefore patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions set forth in Section 9545(b)(1).

Here, our review of the record in this matter reveals that appellant failed to specifically invoke any of the statutory exceptions to the PCRA time-bar. Notably, although appellant checked the Section 9545(b)(1)(ii) "newly-discovered fact" exception box on his May 20, 2015 *pro se* PCRA petition, he failed to make any argument whatsoever with regard to this exception in his December 24, 2015 amended PCRA petition, his Rule 1925(b) statement, or his appellate brief. (<u>See</u> certified record at nos. 9, 20, 35.)

Rather, the crux of appellant's argument on appeal is that his trial counsel was ineffective in failing to ensure that appellant was sentenced in both the Cumberland County and Dauphin County matters on the same date, so as "to avoid federal career offender status[.]" (Appellant's brief at 3, 11.) Appellant further contends that the PCRA court erred in failing to vacate his robbery conviction at CP–22–CR–3984–1997 on the basis that "no robbery offense [was] found in the guilty plea colloquy." (<u>Id</u>. at 8, 17.)

Generally, claims of trial counsel ineffectiveness do not operate as an independent exception to the one-year jurisdictional time-bar of the PCRA. See Commonwealth v. Gamboa–Taylor, 753 A.2d 780, 783 (Pa. 2000) (holding a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); see also Commonwealth v. Breakiron, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not circumvent the timeliness requirement of the PCRA). We recognize that in limited situations where counsel's ineffective assistance was tantamount to abandoning his client on appeal, our supreme court has recognized that a petitioner's discovery of this ineffectiveness may form the basis for a claim under the "newly-discovered fact" exception to the PCRA timebar. See Commonwealth v. Bennett, 930 A.2d 1264, 1272–1273 (Pa. 2007). Appellant, however, fails to allege on appeal that trial counsel's purported ineffectiveness constituted an abandonment of counsel. "[I]t is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." Commonwealth v. Crews, 863 A.2d 498, 501 (Pa. 2004) (citation omitted).

Having found that the instant petition was untimely filed and appellant has failed to invoke any statutory exception to excuse that untimely filing, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition.

(Doc. 7-7 at 2-3, Opinion dated October 25, 2017).

On November 13, 2017, Dobbin filed a petition for allowance of appeal, which was denied on April 10, 2018. (Doc. 7-6 at 1-3, Allocatur Docket Sheet).

On November 26, 2018, Petitioner filed the instant petition for writ of habeas corpus, in which he raises challenges to his guilty plea and issues of

ineffective assistance of counsel. (Doc.1).

## II.  __Discussion__

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period

within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek

discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

In this case, Petitioner was sentenced by the Dauphin County Court of Common Pleas, on state charges, on April 13, 1998. On June 23, 1998,

Dobbin was sentenced in Cumberland County on similar charges. No direct appeal was taken from either sentence. Thus, his conviction became final on July 23, 1998, the day the time period for filing a direct appeal with the Superior Court expired.[3] The limitations period for filing a 2254 petition commenced on July 23, 1998, giving Petitioner until July 23, 1999, to file a federal petition, absent statutory or equitable tolling of the period. Dobbin, however, did not commence the instant proceedings until November 26, 2018, almost twenty years after the expiration of the statue of limitations. As such, the petition for habeas corpus relief under §2254 appears to be barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

As noted above, the one-year statute of limitations is tolled during the time petitioner had pending in state courts a properly filed PCRA petition. Petitioner's first PCRA petition, filed on May 20, 2015, was denied as untimely on December 28, 2016, and affirmed as such by the Superior Court on October 25, 2017, and allocatur was denied on April 10, 2018. Dobbin's first PCRA petition was filed well after the AEDPA statute of limitations expired.

_____

3. In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the superior court. See Pa.R.Crim.P. 720(a)(3).

As such, it does not toll an already expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir. 2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, inter alia, "the limitations period had already run when it was filed"). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d at 167-68. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

Moreover, although the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period, Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable tolling is inapplicable in this matter and the petition will be dismissed.

**III.    Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.


**IV.    Conclusion**

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**.

An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: December 2, 2019**

18-2267-01